UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLISON NICOLE PROCTOR,

      Plaintiff,

v.                      Case No.:  8:12-cv-2917-T-33TBM

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Allison Nicole Proctor's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. # 19), wherein Plaintiff seeks an award of $5,134.00 in attorney fees and $350.00 in costs. Plaintiff represents that counsel for the Government has no objection to the requested fees and costs.  For the reasons that follow, the Court grants the Motion.

**A.**    **Eligibility for Award of Fees**

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of a Social Security Administration Agency action, unless the Court determines

that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

**1.   Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further proceedings. (Doc. # 18). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

**2.   Timely Application**

The EAJA requires a prevailing party to file an application for attorney fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The thirty day clock did not begin to run in this action until this Court's Judgment, entered on March 4, 2014 (Doc. # 18), became final, which occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala, 509 U.S. at 302. Because Plaintiff's Application, including an itemized justification for the amount sought, was filed on April 2, 2014, it is found to be timely filed.

### 3.  **Claimant's Net Worth**

Plaintiff's Application asserts that Plaintiff's "net worth did not exceed $2,000,000.00 at the time this civil action was filed." (Doc. # 19-2 at ¶ 13). The Commissioner does not contest this fact.  Accordingly, the Court finds this requirement to be satisfied.

### 4.  **Lack of Substantial Justification**

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v.

- 3 -

<u>Astrue</u>, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). According to Plaintiff, "The decision of the Commissioner that Plaintiff was not disabled under the Social Security Act was not substantially justified." (Doc. # 19-2 at ¶ 5).  Plaintiff further indicates that: "the ALJ failed to find good cause for discounting the opinions from treating physician, Dr. Cuadra.   It was also found that the ALJ improperly disregarded the opinions from Dr. Cohen.   In addition, it was found that the ALJ failed to provide persuasive reasons for discounting the opinions from Dr. Soto-Aguilar." (Doc. # 19-5 at 2)(citations omitted).   In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

    **5.   <u>No Special Circumstances</u>**

    Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of attorney fees. Accordingly, the Court finds no special circumstances indicating an award of attorney fees would be unjust.

**B.   <u>Amount of Fees</u>**

- 4 -

Having determined Plaintiff is eligible for an award of attorney fees under the EAJA, the Court now turns to the reasonableness of the amount of attorney fees sought. Plaintiff requests an award of $5,134.00 in attorney fees, representing 30.2 hours at an hourly rate of $170.00. (Doc. # 19-3; Doc. # 19-5 at 3).[1]

The amount of attorney fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment in the hourly rate is appropriate. Plaintiff proposes an hourly rate of $170.00, and the Commissioner does not oppose this proposed hourly rate.

Plaintiff seeks an award based on a total of 30.2 hours of attorney time. The Court believes 30.2 hours of attorney time is reasonable in this case. Therefore, the Court finds

---

[1] Plaintiff is represented by Daniel S. Jones, Esq. who expended 28.20 hours in this case, and is also represented by Eddy Pierre Pierre, Esq. who expended 2.0 hours in this case. Plaintiff has filed an itemization of hours for each attorney. (Doc. # 19-3).

- 5 -

$5,134.00 ($170.00 x 30.2 hours) is a reasonable fee in this case.  The Court also approves the costs sought in this case, which amount to $350.00.

**C.   Payment of Fees**

The Supreme Court established in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney.  Accordingly, Plaintiff does not request payment of the EAJA fees directly to her counsel at this juncture but instead posits that:

> Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

(Doc. # 19-5 at 3). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. # 19) is **GRANTED** in the

- 6 -

amount of $5,134.00.  Plaintiff is also entitled to an award
of costs in the amount of $350.00.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u>
day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record